**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD TRIHN; AMPHOUVANHNA
CHANTHALAMGSY,

        Plaintiffs - Appellants,

  v.

MOHAMMED JACK MOGHADDAM; et
al.,

        Defendants - Appellees.

No. 09-15039

D.C. No. 2:07-cv-00488-GEB-
EFB

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

GT/Research

Richard Trihn and Amphouvanhna Chanthalamgsy appeal pro se from the district court's summary judgment for the City of Marysville and City officials in their action alleging violations of the Equal Protection Clause, Due Process Clause, and 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996), and we affirm.

The district court properly granted summary judgment on the Equal Protection Clause claims and other racial discrimination claims arising under federal statutes, because plaintiffs failed to raise a triable issue as to whether defendants were motivated by racial animus when they temporarily shut-down plaintiffs' night-club and subsequently revoked their conditional use permit. *See id.* (providing that affidavit in opposition to summary judgment must be based on personal knowledge); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536-38 (9th Cir. 1992) (affirming summary judgment for defendant on 42 U.S.C. § 1985(3) claim, and explaining that racial animus is an element of a section 1985(3) claim).

Even if plaintiffs had a cognizable property interest in the continued existence of the conditional use permit, the district court properly granted summary judgment on the Due Process Clause claims because there was no triable issue as to whether plaintiffs were afforded adequate due process at the revocation hearing.

*See Ebel v. City of Corona*, 698 F.2d 390, 392-93 (9th Cir. 1983) (affirming summary judgment for City Planning Commission on claim that it violated Due Process Clause by making a decision "without making adequate findings of fact to justify" the decision, and explaining that "great latitude is given to legislative bodies in the procedures they may use in factfinding"); *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756, 760 (2005) (explaining that cognizable property interests arise only when the relevant state law provisions "truly ma[k]e [the conferral of the benefit] *mandatory*.").

Plaintiff' remaining contentions are unpersuasive.

**AFFIRMED**.